1  P. Kristofer Strojnik, SBN 242728
2  pstrojnik@strojniklaw.com
   Esplanade Center III, Suite 700
3  2415 East Camelback Road
   Phoenix, Arizona 85016
4  415-450-0100 (tel.)
5
   Attorneys for Plaintiff
6
                    **UNITED STATES DISTRICT COURT**
7
                    **CENTRAL DISTRICT OF CALIFORNIA**
8

9  THERESA BROOKE, a married woman
   dealing with her sole and separate claim,     Case No:
10
11                          Plaintiff,           **VERIFIED COMPLAINT**

12 vs.                                           **(JURY TRIAL DEMANDED)**

13 F.H.A. LP, a Delaware limited partnership,
14
                            Defendant.
15

16
17         Plaintiff Theresa Marie Brooke alleges:

18                              **PARTIES**

19         1.      Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled,

20 and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2),

21 the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the

22 California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due

23 to the loss of a leg.

24         2.      Defendant, F.H.A. LP, owns and/or operates and does business as the

25 hotel ALO Hotel by Ayres, 3737 West Chapman Avenue, Orange, California 92868.

26 Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A),

27 which offers public lodging services. On information and belief, Defendant's hotel was

28 built or renovated after March 15, 2012.

1

<u>**JURISDICTION**</u>

2     3.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42

3     U.S.C. § 12188.

4     4.     Plaintiff's claims asserted herein arose in this judicial district and

5     Defendant does substantial business in this judicial district.

6     5.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c)

7     in that this is the judicial district in which a substantial part of the acts and omissions

8     giving rise to the claims occurred.

9     6.     Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over

10    Plaintiff's Unruh claim. On a case-specific analysis, there are no compelling reasons to

11    decline jurisdiction.

12

<u>**ALLEGATIONS**</u>

13    7.     Plaintiff alleges that Defendant's hotel does not have a compliant access

14    aisle at the passenger loading zone adjacent to the hotel lobby in violation of Sections

15    209 and 503 of the 2010 Standards. An access aisle has specific requirements to be

16    compliant with the Standards: It must be (1) 60 inches wide and at least 20 feet long, (2)

17    it must have an accessible route adjoining it, and (3) it cannot be within a vehicular

18    way. Section 503.3.

19    8.     The requirement for an access aisle at a passenger loading zone is

20    immensely important for a person in a wheelchair such as Plaintiff, as it provides safe

21    access to the entry of the hotel and deters others from placing encumbrances or

22    obstacles there such as a vehicle parking. An access aisle is akin to a cross-walk for

23    pedestrians. Absence of an access aisle where required creates dangerous conditions for

24    a person in a wheelchair such as Plaintiff.

25    9.     Plaintiff formerly worked in the hospitality industry and her husband

26    works in the travel industry. She and her husband are avid travelers to California for

27    purposes of leisure travel and to "test" whether various hotels comply with disability

28    access laws. Testing is encouraged by the Ninth Circuit Court of Appeals.

2

10.     Plaintiff traveled to Orange County in December 2022 for testing ADA compliance and leisure travel. She anticipates returning to Orange County several times in the next year for testing, leisure and checking on compliance with past testing. Plaintiff also has concrete plans to lodge at Defendant's hotel in July 2023, but she will not honor her concrete plans if Defendant has not provided notice of remediation by then.

11.     During this trip, Plaintiff personally visited Defendant's hotel. Defendant's hotel has a passenger loading zone because pickup and dropoff occurs there and it is located directly outside of the lobby entrance. There are also design features showing an intent for utilization as a passenger loading zone. For example, there is a *porte cochere*, which by definition is a design feature for passenger loading zones. According to the U.S. Access Board Technical Guidelines on Passenger Loading Zones, passenger loading zones are so common at hotels that even it recognizes "many hotel entrances" have the design features indicating an intent to utilize as PLZs.

12.     While at Defendant's hotel, she discovered that Defendant's hotel has a barrier to entry to the lobby, which is that the passenger loading zone does not have an access aisle compliant with Section 503.3. It is an absolute requirement to have an access aisle at a passenger loading zone pursuant to Sections 209 and 503. The requirement of an access aisle at a passenger loading zone relates to Plaintiff's disability of not having one leg and being forced to use a wheelchair because access aisles are required so persons in a wheelchair can maneuver without threat of danger from other vehicles and without other encumbrances blocking their pathway. The lobby, therefore, is inaccessible to Plaintiff by way of the passenger loading zone because there is no access aisle.

13.     Plaintiff gained actual and personal knowledge of a barrier while visiting Defendant's hotel (no access aisle at passenger loading zone), and as a result, she was deterred from entering the hotel. She anticipates returning to this hotel and has concrete plans to do so in July 2023 (see above), but she will only lodge at the hotel if Defendant

puts the required access aisle into place and gives notice of such remediation before her definitive return. Visiting otherwise would be futile because the lack of the access aisle represents a barrier to entering the lobby.

14.     It is readily achievable to modify the hotel to provide an access aisle. Provision of an access aisle is extremely inexpensive; it involves painting and measuring tools.

15.     Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

### FIRST CAUSE OF ACTION

16.     Plaintiff incorporates all allegations heretofore set forth.

17.     Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

18.     Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

19.     In violation of the 2010 Standards, Defendant's hotel passenger loading zone does not have a disability access aisle compliant with Section 503.3 of the Standards.

20.     Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

21.     Defendant's conduct is ongoing, and Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

22.     Without the requested injunctive relief, Defendant's non-compliance with the ADA's requirements that its passenger loading zone be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a.  Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

   b.  Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

   c.  Payment of costs and attorney's fees;

   d.  Provision of whatever other relief the Court deems just, equitable and appropriate.

### SECOND CAUSE OF ACTION

23.     Plaintiff realleges all allegations heretofore set forth.

24.     Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

25.     Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

26.     Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

27.     Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

28.     Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

1    WHEREFORE, Plaintiff demands judgment against Defendant as follows:

2    a.  Declaratory Judgment that at the commencement of this action Defendant
         was in violation of the specific requirements of Unruh; and

3

4    b.  Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR §
         36.504(a) which directs Defendant to take all steps necessary to bring its
5        passenger loading zone into full compliance with the requirements set
         forth in the ADA;
6

7    c.  Payment of costs and attorney's fees;

8    d.  Damages in the amount of $4,000.00; and

9

10   e.  Provision of whatever other relief the Court deems just, equitable and
         appropriate.

11                          **D**EMAND FOR **J**URY **T**RIAL

12   Plaintiff hereby demands a jury trial on issues triable by a jury.

13

14   RESPECTFULLY SUBMITTED this 13th day of January, 2023.

15                          */s/ P. Kristofer Strojnik*
                            P. Kristofer Strojnik (242728)
16                          Attorneys for Plaintiff

17

18                          **V**ERIFICATION

19   I declare under penalty of perjury that the foregoing is true and correct.

20
             DATED this 11th day of January, 2023.
21

22

23

24

25   _____
     Theresa Marie Brooke

26

27

28

                                    6